UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　　Defendants. | No. 2: 15-cv-0560 MCE KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

On March 12, 2015, plaintiff filed the original complaint.  (ECF No. 1.)  On April 13, 2015, plaintiff filed a first amended complaint.  (ECF No. 7.)  Accordingly, the undersigned screens the first amended complaint.  Fed. R. Civ. P. 15.

Discussion

Named as defendants are Governor Brown, Superior Court Judges Robison, Prickett, King and Hanson.  Plaintiff was convicted of second degree murder in 1986.  Plaintiff's claims all challenge defendant Brown's 2012 decision reversing the Board of Parole Hearings ("BPH") 2011 finding that plaintiff was suitable for parole.  The undersigned summarizes plaintiff's claims herein.

Plaintiff's claims can be divided into four categories.  First, claims 1-7 and 11 challenge defendant Brown's reversal of the BPH's finding of parole suitability, which was upheld by defendant Superior Court judges.  Plaintiff alleges that defendant Brown mischaracterized a 2010 psychological report.  Plaintiff also alleges that defendant Brown improperly relied on stricken juvenile records and charges he had been acquitted of as an adult.  Second, claims 8-10 allege that defendants violated state law by refusing to release him based on his maximum confinement date.  Third, claim 12 alleges that defendants selectively enforce parole laws.  Fourth, claim 13 alleges that Proposition 89 violates the Ex Post Facto Clause.

Plaintiff seeks declaratory, injunctive and monetary relief.  In his request for injunctive relief, plaintiff requests that his stricken juvenile convictions and charges he was acquitted of as an adult be stricken from his parole hearing files.  Plaintiff also requests that the court order that defendant Brown be prohibited from considering the 2010 psychological report.  Plaintiff also requests that the court order defendant Brown to reconsider the BPH decision finding him suitable based on this new record.  Plaintiff also requests that the court order defendant Brown not

1 to overrule his maximum confinement date of May 11, 2007.

      A. <u>Claims 1-7, 11</u>

In claims 1-7 and 11 plaintiff alleges that defendant Brown mischaracterized a psychological report and improperly relied on some of his criminal records in his decision reversing the BPH finding that plaintiff was suitable for parole.

Whether these claims should be raised in a civil rights action rather than a habeas corpus petition is not clear. See <u>Nettles v. Grounds</u>, 788 F.3d 992, 999 (9th Cir. 2015) ("relief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody..."). However, for the reasons stated herein, pursuant to <u>Swarthout v. Cooke</u>, 562 U.S. 215 (2011), plaintiff's claims challenging defendant Brown's decision reversing the BPH finding of parole suitability on grounds that he improperly considered his stricken juvenile record, his adult acquittals and the 2010 psychological report fail whether they are raised in a civil rights or habeas action.[1]

In <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011), the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California federal habeas petitioner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in <u>Greenholtz v. Inmates of Nebraska Penal and Corrections Complex</u>, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). See <u>Swarthout</u>, 562 U.S. at 220. Under the Supreme Court's decision in <u>Swarthout</u>, "it is no federal concern ... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." See <u>id.</u> at 220-21.

In <u>Styre v. Adams</u>, 645 F.3d 1106 (9th Cir. 2011), the Ninth Circuit found that the Supreme Court's decision in <u>Swarthout</u> applies equally to cases in which the Governor, rather than the BPH, found the inmate unsuitable for parole. The <u>Styre</u> court also noted that the federal

---

[1] Plaintiff has filed a habeas corpus petition in this court challenging defendant Brown's decision reversing the BPH finding of suitability. See 2:15-cv-0288 GEB KJN P. The undersigned has separately ordered 15-0288 transferred to the United States District Court for the Central District of California.

4

Due Process Clause "does not require that the Governor hold a second suitability hearing before reversing a parole decision." 645 F.3d at 1108.  Thus, it appears there is no federal due process requirement for a "some evidence" review, whether parole eligibility was denied at the BPH level or by the Governor.

Pursuant to Swarthout, plaintiff's claims alleging that defendant Brown improperly considered certain evidence in reversing the BPH does not state a potentially colorable due process claim.  Plaintiff does not allege that he was denied the limited due process to which he was entitled.  Therefore, regardless of whether this claim is brought in habeas or civil rights, these claims fail.  Accordingly, for these reasons, the undersigned recommends that claims 1-7 and 11 be dismissed.

B.  Claims 8-10

In claims 8-10, plaintiff alleges that defendants failed to follow state law by releasing him on his maximum calculated release date.  In particular, plaintiff alleges that after he was found suitable for parole, the BPH calculated his release date as May 11, 2007.  (ECF No. 7 at 16.) Plaintiff alleges that once his maximum term is set, it cannot be taken away by the Governor, i.e., defendant Brown.  (Id. at 17.)

Whether this claim is properly brought in habeas or civil rights is also not clear. Regardless of whether this claim is brought in habeas or civil rights, the instant claim is without merit for the following reasons.

The BPH apparently set a release date for plaintiff following its finding that plaintiff was suitable for parole.  However, under California law, plaintiff was not entitled to be released until he was found suitable by both the BPH and the Governor.  See In re Lawrence, 44 Cal.4th 1181, 1210 (2008).  Thus, while the BPH found plaintiff suitable for parole and set a maximum release date, plaintiff was not entitled to be released because he was not found suitable by defendant Brown.  Accordingly, plaintiff's claim that defendants failed to release him on his maximum calculated release date fails to state a potentially colorable claim for relief under either state or federal law.  This claim should be dismissed.

////

5

C. Claim 12

In claim 12, plaintiff alleges that defendants selectively enforce the parole laws by releasing murderers on parole whose crimes were more egregious than plaintiff's second degree murder. The undersigned construes plaintiff's claim as alleging a violation of the Equal Protection Clause. Whether this claim is properly brought in habeas or civil rights is also not clear. Regardless of whether this claim is brought in habeas or civil rights, the instant claim is without merit for the following reasons.

Apparently in support of the instant claim, plaintiff has submitted a list of what he claims are the names of persons convicted of first degree murder who have been released on parole. (ECF No. 7 at 156-164.) This list includes the names of the inmates, their prison identification numbers, the date of their suitability hearings, and the date on which they were allegedly released on parole. (Id.)

To state an Equal Protection claim, plaintiff must allege that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 446 (1985). Plaintiff has not shown that he was intentionally treated differently from other similarly situated parole applicants. Plaintiff's references to cases in which other inmates purportedly were granted release on parole are insufficient. See Remsen v. Holland, 2012 WL 5386347, at *5 (E.D.Cal. Nov.1, 2012) (in light of discretionary and "highly fact bound" nature of parole decision, and legal standards governing parole decision, "the histories of other prisoners do not establish that Petitioner was similarly situated with other prisoners or tend to show any invidious discrimination that would be protected under the federal Equal Protection Clause"); Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D. Pa. 1982), aff'd, 696 F.2d 985 (3d Cir. 1982) (unpublished disposition) ("Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions [such as eligibility for prison pre-release program] because such decisions may legitimately be informed by a broad variety of an individual's characteristics."); see also Wilson v. Walker, 2011 WL 572116, at *4

Case 2:15-cv-00560-MCE-KJN   Document 9   Filed 12/11/15   Page 7 of 10

(E.D. Cal. Feb. 15, 2011), adopted, 2011 WL 1087285 (E.D. Cal. Mar. 23, 2011) ("petitioner was treated equally to other indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to state law where his individual circumstances were considered in determining whether he was suitable for parole").

For the reasons stated above, the undersigned finds that plaintiff has not stated a potentially colorable Equal Protection claim. This claim should be dismissed.

D. Claim 13

In claim 13, plaintiff alleges that Proposition 89, which granted the Governor of California the authority to review parole decisions of the BPH for inmates convicted of murder, violates the Ex Post Facto Clause. For the following reasons, this claim should be dismissed.

On April 7, 2005, in Gilman v. Fisher, et al., No. CV S–05–00830–LKK (CKD) (E.D. Cal.), a California state prisoner serving a life term with the possibility of parole filed a lawsuit in the U.S. District Court for the Eastern District of California ("Gilman court") challenging California parole hearing procedures, pursuant to 42 U.S.C. § 1983. Gilman, Dkt. 1. On April 25, 2011, the Gilman court permitted the lawsuit to proceed as a class action lawsuit challenging, inter alia, the constitutionality of the parole deferral provisions in Marsy's Law, i.e., Proposition 89, under the Ex Post Facto Clause. Gilman, Dkt. 340. Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Gilman court certified a class comprised of "all California state prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008." Id. at 2. According to the Gilman court, class members "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." Gilman, Dkt. 296, 278, 276, 274.

On February 28, 2014, the Gilman court found that Marsy's Law violated the Ex Post Facto Clause and granted declaratory and injunctive relief to the class members. Gilman, Dkt. 532. In particular, the Gilman court found that the section of Marsy's Law, aka Proposition 89, which grants the Governor the authority to review parole decisions of the BPH for inmates convicted of murder, violates the Ex Post Facto Clause. On August 12, 2014, the Ninth Circuit granted a motion to stay the Gilman court's order. Gilman v. Brown, No. 14–15680 (9th Cir.),

7

1   Dkt. 26.  The matter is now pending on appeal before the Ninth Circuit.

2   Plaintiff's claim 13 is identical to the claim presented in the Gilman class action: namely
3   whether the application of the section of Marsy's law authorizing the Governor to review
4   decisions of the BPH for inmates convicted of murder prior to 2008 violates the Ex Post Facto
5   Clause.

6   Here, plaintiff is a member of Gilman's certified class because he:  (1) is a California state
7   prisoner; (2) was sentenced to a term of life in prison with the possibility of parole; and (3) was
8   sentenced for an offense which occurred before the November 8, 2008 effective date of Marsy's
9   Law.  (See ECF No. 7 at 34 (order by Superior Court describing dates of plaintiff's conviction
10  and sentence).)  Because plaintiff does not allege he has opted out of the Gilman class, his claims
11  for declaratory and injunctive relief are barred.  See Crawford v. Bell, 599 F.2d 890, 892–93 (9th
12  Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having
13  jurisdiction over the same matter has entertained it and can achieve the same result."); see also
14  McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and
15  equitable relief from alleged unconstitutional prison conditions cannot be brought where there is
16  an existing class action.").  Thus, in light of the ongoing Gilman action, plaintiff's claims for
17  injunctive and declaratory relief raised in claim 13 should be dismissed.

18  Plaintiff's claim for money damages based on his claim alleging that Proposition 89
19  violates the Ex Post Facto clause is not barred.  See Hiser v. Franklin, 94 F.3d 1287, 1291 (9th
20  Cir. 1996) (noting that individual suits by class members for damages not barred).  However, for
21  the reasons stated herein, the undersigned finds that plaintiff's claims for damages against
22  defendant Brown and defendant Superior Court judges based on the alleged Ex Post Facto
23  violation is barred because these defendants are entitled to immunity.

24  The Ninth Circuit has held that the Governor of California is entitled to absolute quasi-
25  judicial immunity when making parole decisions.  See Miller v. Davis, 521 F.3d 1142, 1148 (9th
26  Cir. 2008) ("Although Governor Davis's review of Miller's parole grant, based on his erroneous
27  reading of Article V, § 8(b), was in excess of his authority, it was not an act done in the 'clear
28  absence of all jurisdiction.'"); Cf. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)

(holding that a judge who "misinterpreted a statute and erroneously exercised jurisdiction" did not act in the "clear absence of all jurisdiction").  It does not matter that defendant Brown may have acted in excess of his authority, as long as he did not act in the clear absence of all jurisdiction.  Id. at 1148.

Similarly, judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity.  Stump v. Sparkman, 435 U.S. 349, 355–57 (1978).  A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See Stump, 435 U.S. at 356–57 & n.7; Ashelman, 793 F.2d at 1075.  For example,

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n. 7.

Because Proposition 89 authorized Governor Brown to review the BPH decision finding plaintiff suitable for parole, he did not act in the clear absence of all jurisdiction when he reversed the BPH decision.  Similarly, defendant Superior Court judges did not act in the clear absence of all jurisdiction when they upheld defendant Brown's decision.  For these reasons, plaintiff's claims for damages should be dismissed.

Conclusion

The undersigned has spent considerable time reviewing plaintiff's claims.  Because it is clear that plaintiff cannot amend his complaint to cure the pleading defects discussed above, the undersigned recommends that this action be dismissed.

Also pending is plaintiff's motion for judicial notice.  (ECF No. 8.)  Plaintiff requests that the court take judicial notice of exhibits attached to this pleading.  Good cause appearing,

plaintiff's motion is granted.  To the extent relevant, the undersigned has considered these exhibits in evaluating plaintiff's claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for judicial notice (ECF No. 8) is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 11, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Staich560.14